**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Atwell, an individual, ) | No. CV 09-1924 PHX-DGC |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| City of Surprise, a political ) subdivision of the State of Arizona, ) | |
| Defendant. ) | |

Plaintiff Jeremy Atwell filed a complaint against Daniel R. Hughes, Scott Connelly, Charles R. Oliver, James Bowers, the City of Surprise, and the City of Surprise Police Department, alleging discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 2000, et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-3(a). Dkt. #1. On October 22, 2009, all Defendants filed a motion to dismiss. Dkt. #7. Plaintiff did not respond to the motion, but filed an amended complaint on November 13, 2009, which added factual allegations and eliminated all Defendants except the City of Surprise. Dkt. #12. Defendants filed a reply in support of their motion. Dkt. #21.

Defendants' motion to dismiss argues that ADA and Title VII claims cannot be asserted against individuals. Dkt. #7. The amended complaint cures this deficiency by dropping the individuals as Defendants. The motion also argues that the original complaint fails to state a claim under current pleading standards. This argument was rendered moot

when Plaintiff filed an amended complaint adding more detail. Dkt. #12. For these reasons, the motion to dismiss will be denied.

Defendants also argue in their motion that the Court should impose sanctions and attorneys' fees against Plaintiff. Dkt. #7. The Court finds the request for attorneys' fees to be premature. All Defendants are represented by the same counsel, and one Defendant remains a party. Dkt. #12. The question of attorneys' fees for all parties can be addressed upon completion of the action.

The Court has authority to impose sanctions if it finds a plaintiff acted with bad faith or "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). The decision whether to sanction a party is within the discretion of the court. *See id.* at 993; *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989).

The claims against the individual defendants were unavailable under the statutes Plaintiff cited, but the Court cannot conclude, on the present record, that the showing for sanctions has been made. Moreover, if Defendants are correct in their argument that they are entitled to attorneys' fees, an award of attorneys' fees at the conclusion of this case will appropriately sanction Plaintiff for the filing of this action.

**IT IS SO ORDERED:**

1. Defendants' motion to dismiss (Dkt. #7) is **denied**.
2. The Court will set a Rule 16 scheduling conference by separate order.

DATED this 16th day of December, 2009.

_____
David G. Campbell
United States District Judge