**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Atwell, an individual,<br><br>Plaintiff,<br><br>v.<br><br>City of Surprise, a political subdivision of the State of Arizona,<br><br>Defendant. | No. CV 09-1924 PHX-DGC<br><br><br><br>**ORDER** |

Defendant City of Surprise has filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. #33. Plaintiff opposes the motion and seeks leave to amend his first amended complaint. Dkt. #35. For reasons that follow, the Court will grant Defendant's motion and deny Plaintiff's request for leave to amend.

**I.     Background.**

Plaintiff was a police officer with the City of Surprise Police Department ("the Police Department"). Dkt. #12, ¶ 8. On April 24, 2008, an El Mirage police officer contacted the Police Department to express concerns regarding Plaintiff's conduct during a traffic stop on March 16, 2007. *Id.* at ¶ 10. Based on the officer's concerns, the Police Department conducted an internal investigation. *Id.*

On August 1, 2008, Plaintiff was involved in an accident at work that required him to miss work until February 2, 2009. *Id.* at ¶ 11. On August 5, 2008, Plaintiff received the results of the Police Department's internal investigation, in which the Assistant Police Chief

recommended that Plaintiff be terminated. *Id.* at ¶ 12. This recommendation was later reduced to a 40-hour suspension, requiring Plaintiff to report back to work on December 24, 2008. *Id.* at ¶ 14. Plaintiff appealed the decision, but it was upheld. *Id.* at ¶15.

On January 9, 2009, Plaintiff was reassigned to a clerical position at the front desk. *Id.* at ¶ 19. On January 19, 2009, Plaintiff called in sick for the week because he was suffering anxiety attacks. *Id.* at ¶ 21-23. On January 20, 2009, the human resources director notified Plaintiff that his absence, which the Police Department believed to be un-excused, would result in his termination if he did not return to work by January 26, 2009. *Id.* at ¶ 26-27. Plaintiff believed that his absence was excused and had attempted to file the correct paperwork with the Police Department to ensure that he would not be terminated. On January 27, 2009, the Police Department terminated Plaintiff. *Id.* at ¶ 30.

Based on his reassignment to a clerical position and his termination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and received a Right to Sue letter on June 18, 2009. He then filed the present action against the City. Dkt. #12. He claims that the City discriminated against him by requiring him to return to work when he was not able to do so because of his illness. He also claims that the City retaliated against him by reassigning him to a desk position and terminating his employment.

## II. Rule 12(c) Motion.

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed . . . any party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1998). In other words, dismissal pursuant to Rule 12(c) is inappropriate if the facts as pled would entitle Plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995).

Both of Plaintiff's claims against the City are brought under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 et seq. ("ADA"). Under Title II, "no

1 qualified individual with a disability shall, by reason of such disability, be excluded from
2 participation in or be denied the benefits of the services, programs, or activities of a public
3 entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Ninth
4 Circuit has held that Title II applies to "outputs" of a public entity, which are public services
5 provided by that entity, rather than to "inputs" of a public entity, such as employment.
6 *Zimmerman v. State of Oregon Dep't of Justice*, 170 F.3d 1169, 1173 (9th Cir. 1999).
7 "Congress unambiguously expressed its intent for Title II not to apply to employment"
8 because "employment by a public entity is not commonly thought of as a 'service, program,
9 or activity of a public entity.'" *Id.* at 1173-74.

The City argues that Plaintiff has failed to state a claim because "none of Plaintiff's factual allegations relate to the City of Surprise's provision of public services," but instead "relate to his former employment with the City of Surprise." Dkt. #33 at 6. The City argues that *Zimmerman* makes clear that Plaintiff cannot bring a claim under Title II for discrimination based on employment because employment is not a "service, program, or activity of a public entity." 170 F.3d at 1174. The Court agrees.

Plaintiff makes two claims under Title II: (1) "[i]n requiring Plaintiff to report for work before he was determined to be 'fit for duty' by his physician, the Defendant and its employees prevented Plaintiff from access to services, programs, and rights afforded to other employees that were unavailable to Plaintiff"; and (2) "[i]n requiring Plaintiff to report for work before he was determined to be 'fit for duty' by his physician, Defendant and its employees retaliated against Plaintiff by terminating him because of his medical condition and his alleged failure to provide documented proof from his physician that he was unable to return to work despite the fact that [the Police Department] was aware that Plaintiff's doctor had not released him to return to work." Dkt. #12 at 8-9. Plaintiff's allegations of discrimination and retaliation all relate to his employment as a police officer. These are not "public services" under Title II of the ADA. *See Zimmerman*, 170 F.3d at 1174.

In his response, Plaintiff agrees with the City's reading of *Zimmerman* "that Title II may not apply to the facts in this case," but argues that the Court should deny the motion for

1 judgment on the pleadings because the City knew that "Plaintiff's claim was based on the
2 entirety of the ADA and not limited to Title II." Dkt. #35 at 10. The claims asserted in
3 Plaintiff's amended complaint, however, are based on Title II. *See* Dkt. #12 at 7-9. Plaintiff
4 provides no authority for the proposition that a Court should deny a motion for judgment on
5 the pleadings because the defendant knew the plaintiff had intended to state other claims, but
6 failed to do so.

**III. Plaintiff's Request for Leave to Amend.**

Plaintiff asks the Court to afford him an opportunity to "amend his Complaint to correct the citation to the incorrect section of the ADA." *Id.* The City objects. Dkt. #37. It notes that this Court's Rule 16 Case Management Order set a deadline of February 5, 2010 for amending pleadings, and argues that Plaintiff has failed to show "good cause" for the modification.

Generally, a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). After the Court's deadline for a party to amend pleadings has passed, however, Rule 15 no longer controls. Rule 16 controls. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); *Farina v. Compuware Corp.*, 256 F. Supp. 2d 1033, 1061 (D. Ariz. 2003). Under Rule 16, a party must show "good cause" to extend the deadline for amending pleadings. *Johnson*, 975 F.2d at 607-08; Fed. R. Civ. P. 16. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note. Thus, if the party seeking to amend "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

Plaintiff filed his original complaint on September 16, 2009. Dkt. #1. It asserted

claims for violation of "Title VII of the Americans with Disabilities Act." *Id.* at 5. On November 13, 2009, after Defendants had filed a motion to dismiss (Dkt. #7), Plaintiff filed an amended complaint. Dkt. #12. Plaintiff's amended complaint asserted claims under Title II of the ADA. *Id.* More than two months later, in preparation for the Rule 16 case management conference, Plaintiff and Defendant jointly proposed that the deadline for amending pleadings be fixed at February 5, 2010. Dkt. #28 at 5, 7. The Court adopted this proposal in its Case Management Order. Dkt. #30. The Case Management Order also provided this caution:

> <u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.

Dkt. #30, ¶ 9. The Court also expressly advised the parties at the Rule 16 conference that it would not be inclined to extend the deadlines. *See* Court's Livenote Transcript, 1/27/10.

Plaintiff now seeks leave to amend his amended complaint after the deadline he proposed has passed. Plaintiff has failed, however, to show the "good cause" required by Rule 16. Plaintiff has not shown that he was unable through reasonable diligence to amend his complaint to assert claims under provisions other than Title II of the ADA. To the contrary, Plaintiff demonstrated his ability to amend his complaint by doing so in response to Defendants' first motion to dismiss. Plaintiff does not explain why he could not have made the amendment he now seeks to make before the Court's deadline. Although Plaintiff argues that his amended complaint cited Title II of the ADA by mistake, the Ninth Circuit has noted that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

"In these days of heavy caseloads, trial courts . . . set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders[.]" *Id.*

**IT IS ORDERED:**

1. Defendant's motion for judgment on the pleadings (Dkt. #33) is **granted**.

2. Plaintiff's request to amend the pleadings (Dkt. #35) is **denied**.

3. The Clerk of Court shall terminate this action.

DATED this 7th day of April, 2010.

*David G. Campbell*
United States District Judge