1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Atwell, an individual, | No. CV 09-1924 PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| City of Surprise, a political subdivision of the State of Arizona, | |
| Defendant. | |

Defendant City of Surprise has filed a motion for attorneys' fees pursuant to 42 U.S.C. § 12205 or, in the alternative, 28 U.S.C. § 1927. Dkt. #40. Plaintiff Jeremy Atwell opposes the motion. Dkt. #46. For reasons that follow, the Court will grant Defendant's motion for attorneys' fees pursuant to 28 U.S.C. § 1927, to be paid by Plaintiff's counsel.

**I.    Background.**

On September 16, 2009, Plaintiff filed a complaint against Defendant and others claiming that they discriminated against him in "violation of Title VII of the Americans with Disabilities Act of 1990" and illegally retaliated against him in violation of "Section 704(a) of Title VII of the Civil Rights Act of 1964[.]" Dkt. #1 at 4-5. On October 22, 2009, Defendant filed a motion to dismiss and asked the Court to grant attorneys' fees for several of the parties. Dkt. #7. In lieu of responding to the motion, Plaintiff filed a first amended complaint on November 13, 2009, which claimed that Defendant discriminated and retaliated against him in violation of "Title II of the Americans with Disabilities Act of 1990."

Dkt. #12 at 7-8. On December 16, 2009, the Court accordingly denied the motion to dismiss. The Court also denied Defendant's request for attorneys' fees as premature. Dkt. #26 at 2.

On February 24, 2010, Defendant moved for judgment pursuant to Rule 12(c) on the ground that Plaintiff did not plead facts sufficient to state a cause of action under Title II of the American's with Disabilities Act ("ADA"). Dkt. #33. In response, Plaintiff admitted that "preparation of the Complaint to include a claim under Title II was done in error," and he requested leave to amend the complaint so he could base his claim on the entirety of the ADA rather than solely on Title II. Dkt. #35 at 10. The Court denied Plaintiff's request to amend because he failed to show the "good cause" required to modify the Court's Rule 16 deadline for amending pleadings. Dkt. #38 at 5.

**II. Analysis.**

Under 42 U.S.C. § 12205, "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs[.]" This statute has been interpreted to allow attorneys' fees when a plaintiff's claims were "unreasonable, frivolous, meritless, or without foundation, or when the plaintiff continues to litigate after it clearly becomes so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award under this statute is only appropriate where the attorney acts either in bad faith or with recklessness, which can be found where "an attorney knowingly or recklessly raises a *frivolous* argument[.]" *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002).

Defendant contends that Plaintiff's claims were frivolous, meritless, and without foundation. It points to the following actions of Plaintiff in support of its argument: (1) Plaintiff's original complaint included four individual defendants and their spouses, despite the fact that Ninth Circuit law clearly does not allow such liability (Dkt. #44 at 7);

(2) Plaintiff's original complaint relied on Title VII of the ADA, which does not exist (Dkt. #44 at 7); (3) the allegations of retaliation were without foundation because "it was factually impossible for Defendants to retaliate against Plaintiff for filing his Charge when he did so nearly four months after the City terminated his employment" (Dkt. #44 at 7); (4) Plaintiff's original complaint included a Title VII claim, even though Plaintiff had failed to exhaust his administrative remedies (Dkt. #44 at 8); (5) Plaintiff sought punitive damages against Defendant in both complaints even though 42 U.S.C. § 1981a expressly prohibits such awards against a political subdivision like Defendant (Dkt. #44 at 8); and (6) Plaintiff's amended complaint improperly alleged claims under Title II of the ADA (Dkt. #44 at 8).

In response, Plaintiff does not contend that his filings were not frivolous. Rather, he argues that he should not be responsible for the fact that the initial complaint "was filled with errors and untenable claims" because a plaintiff, as a matter of right "may amend [his] complaint without any notice or leave of Court prior to the filing of a responsive pleading." Dkt. #46 at 2-3 (quoting Fed. R. Civ. P. 15(a)(1)). The Court does not read the amendment-as-a-matter-of-right provision of Rule 15(a) as a license to file complaints filled with errors and untenable claims. Lawyers are not free to file such claims merely because they can amend the claims once as a matter of right. To the contrary, Rule 11(b) makes clear that claims asserted in *any* pleading are certified to be "warranted by existing law[.]" Plaintiff's filing of the untenable claims forced Defendant to prepare and file a motion to dismiss, only after which did Plaintiff amend. Plaintiff suggests that Defendant could have avoided the motion by writing a letter pointing out the defects in the complaint, as though the motion was Defendant's fault. Plaintiff, however, filed the untenable complaint.

Plaintiff further argues that an award of attorneys' fees is improper here because the amended complaint's failure to properly allege a claim pursuant to the ADA "was done so in error." Dkt. #46 at 3. The error nonetheless necessitated a Rule 12(c) motion by Defendant.

Finally, Plaintiff argues that an award of attorneys' fees is improper because of "Plaintiff's financial status and/or ability to pay any award of attorneys' fees." Dkt. #46 at

3. In support of this argument, however, Plaintiff attaches no affidavit, financial information, or any other proof of an inability to pay.

Plaintiff does not argue that his claims were reasonable or made with adequate legal foundation. The Court concludes that the claims in the original complaint were so riddled with legal and factual errors as to suggest little or no efforts on the part of Plaintiff's counsel to frame a proper claim. The Court finds the conduct of Plaintiff's counsel to be reckless, and will award fees under 28 U.S.C. § 1927.

Defendant requests fees in the amount of $35,677. The request is supported by the affidavits of attorney Brooke D. Pfleeger and R. Shawn Oller and an itemized list of attorney time spent on various aspects of the case. Dkt. #44-1 at 5-27. The amount of $35,677.00 consists of 142.2 hours of attorney time billed to the client at the rate of between $215 and $295 per hour. Dkt. #44-1 at 27. Plaintiff does not object to the hourly rates charged by Defendant's counsel, and the Court finds that they are reasonable in the prevailing market and that the time recorded is not excessive. In addition, Defendant's counsel reduced the fees requested by $6,036 to ensure that there were no "duplicative or unnecessary charges[.]" Dkt. #44-1 at 7.

The statute, 28 U.S.C. § 1927, permits Defendant to recover only "excess costs" incurred as a result of counsel's improper conduct. Although the Court finds that fees of $35,677 were reasonably incurred in defending against this action, the Court also suspects that Plaintiff's counsel could have crafted a complaint based on the facts of this case that would not have been frivolous, in which event Defendant would have incurred defense expenses and costs that were not recoverable under the statute. Those costs would have included most of the activities described in defense counsel's time sheets. The Court concludes that the best measure of the "excess costs" incurred as a result of Plaintiff's counsel's recklessness is the cost of drafting the initial motion to dismiss and the reply memorandum. These documents not only pointed out the numerous errors and untenable claims in Plaintiff's initial complaint, but were also rendered moot when Plaintiff filed an

amended complaint as of right. These costs total $5,073.50.[1] The Court will require Plaintiff's counsel to pay this amount to Defendant under 28 U.S.C. § 1927.

**IT IS ORDERED** that Defendant's motion for attorneys' fees (Dkt. #40) is **granted** in the amount of $5,073.50 to be paid by Plaintiff's counsel. Payment shall be made to Defendant within 60 days of the date of this order.

Dated this 30th day of June, 2010.

_____
David G. Campbell
United States District Judge

---

[1] These include the fees incurred on October 9, 11, 12, 13, 15, 19, 21, and November 17, 18, and 19, 2009, in drafting the initial motion to dismiss and reply memorandum. Dkt. #441 at 13-17.